By the Court—Hoffman; J.
I pass over the consideration of several questions which have been raised by counsel. There is one upon which the case must, I think, be decided for the plaintiffs.
The proposition is stated with precision in one of the points: “The holder of a bill or note has the right, in all cases, to treat the parties thereto as liable to him in the same manner and order, and to the same extent, as they appear on the instrument, whether he knows the paper to be accommodation paper or not. As to him, all the parties stand liable as they appear on the paper.”
If this proposition is correct, then, as to the present plaintiff, the discharge of Ayres, under the insolvent law of Massachusetts, with the consent of the plaintiff, was the discharge of a surety. In the strongest form, it amounts to the release of a drawer of a bill, or indorser of a note. It is ineffectual to impair any right against the defendant, the acceptor and principal.
The English cases cited by the counsel for the plaintiff, (Fentum v. Pocock, 5 Taunt., 192; Carstairs v. Rolleston, id., 551; and Manley v. Boycot, 18 Eng. Law & Eq. R., 351,) support this conclusion.
In the case of Harrison v. Courtauld, (3 Barn. & Adol., 36 Eng. Com. Law R., vol. 23, p. 25,) the authorities were reviewed upon a case sent to the King’s Bench from Chancery, for the purpose, it seems, of ascertaining whether Fentum v. Pocock was considered as law by the Court.
The case was this: P. accepted a bill for the accommodation of B., the drawer, who indorsed it over as security for a debt, and afterwards became bankrupt. The indorsee entered into an *288 agreement with the assignees for purchasing part of the bankrupt’s property, and for the arrangement of some claims which he, the indorsee, had upon the estate; and he afterwards gave the assignees a release of all demands, no mention being made, during the transaction, of the bill which had been dishonored. The indorsee knew when he made the agreement, but did not know when he took the bill, that it was accepted for accommodation.
The four Judges of the King’s Bench certified that the holder was entitled to recover from the acceptor.
It would be difficult to find a case more exactly parallel with the one before us.
This rule is recognized in Jones v. Broadhurst, (9 Com. Bench R., 173,) and to some extent in Hartley v. Manton, (5 Q. B. R., 247,) as also by Parke, J., in Price v. Edmonds, (10 Barn. & Cress., 578,) who speaks of the decision in Fentum v. Pocock “as good sense and good law.”
In Murray v. Judah, (6 Cow., 484,) the Court recognize Fentum v. Pocock, and Carstairs v. Rolleston.
In Seymour v. Minturn, (17 John., 170,) a note of the plaintiff was lent to the defendant and his partner, who indorsed it, and it was discounted by the Bank of Eew York for the accommodation of the Minturns, the Bank not knowing its character. The Bank had released the Minturns. It was held that the compounding with the indorser, with the consent of the drawer, did not discharge the latter. This was the main point decided.
Judgment should be entered for the plaintiff.
Ordered, judgment for the plaintiff on the verdict, with his costs.